B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Middle District of Pennsylvania

In re   **Fortuna Espaillat Gonzales**

Debtor(s)

Case No. _____

Chapter   **13** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

☐   **FLAT FEE**

    For legal services, I have agreed to accept ..................................................   $ _____

    Prior to the filing of this statement I have received ......................................   $ _____

    Balance Due .................................................................................................   $ _____

☒   **RETAINER**

    For legal services, I have agreed to accept and received a retainer of...........................   $   **3,020.00**

    The undersigned shall bill against the retainer at an hourly rate of...............................   $   **415.00**
    [Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2.   The source of the compensation paid to me was:

    ☒  Debtor     ☐  Other (specify):

3.   The source of compensation to be paid to me is:

    ☒  Debtor     ☐  Other (specify):

4.   ☒  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  [Other provisions as needed]
        **The above stated fee is a minimum fee. All work is performed at hourly rates. The current hourly rates are $415 -$310/hour for attorneys and $150/hour for paralegals. Rates may be changed at any time with written notice to client and generally are increased at the beginning of each calendar year.**

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **(a) adversary proceedings and (b) contested matters filed by Debtor seeking affirmative monetary relief.**

---

**CERTIFICATION**

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**October 22, 2025** _____

*Date*

*[signature]*

**Carlo Sabatini**
*Signature of Attorney*
**Sabatini Law Firm, LLC**
**216 N Blakely St**
**Dunmore, PA 18512-1904**
**(570) 341-9000   Fax:**
**carlo@bankruptcypa.com**
*Name of law firm*

---

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

1.  **Scope of Representation.** Each person signing this agreement ("Client") hires Sabatini Law Firm, LLC ("Law Firm") to represent Client in a Chapter 13 bankruptcy case. This Agreement does not obligate Law Firm to represent Client in any: (a) adversary proceeding, or (b) contested matter filed by Client seeking affirmative monetary relief. If Law Firm does agree to represent client in any such adversary proceeding or contested matter, then Law Firm and Client may enter into a separate agreement for such representation. If no separate agreement is signed, and if Law Firm still agrees to represent Client in such adversary or contested matter, then Law Firm will be compensated as described in this Agreement. Until the Chapter 13 bankruptcy case is filed, Law Firm will also represent Client out-of-court with respect to all debts that are presently owed or allegedly owed by Client. Law Firm will not provide any other non-bankruptcy services to Client, except as may be described in a separate written agreement. Law Firm might identify various claims that Client holds and would list any such claims on the bankruptcy schedules. One example is claims arising from unlawful collection activity. However, Law Firm will not represent Client with respect to these claims without a separate written agreement.

2.  **Pre-filing Requirements.** Client's bankruptcy case will not be filed until Client has done all of the following: (1) received credit counseling, (2) signed the bankruptcy petition, (3) paid the court-filing fee in effect at the time the case is filed (see ¶ 12), and (4) paid the up-front Pre-Filing Payment to Law Firm described in ¶ 12. Additionally, time spent preparing the case for filing can be substantial and it is likely that the Pre-Filing Payment to Law Firm will not be enough to cover all of that time. Law Firm has the right to require client to also pay all additional unpaid attorney's fees before Law Firm files the bankruptcy case. Until the bankruptcy case is filed, creditors may continue action against Client, such as foreclosures, property sales, utility shut offs or repossessions.

3.  **Attorney's Fees.** All time spent will be billed at Law Firm's regular hourly rates. Those rates are $415 - $350/hour for attorneys and $150/hour for paralegals and are billed in minimum increments of one-tenth of an hour. The rates may be changed at any time with written notice to Client and are generally increased at the beginning of each calendar year. Travel time is charged at the full hourly rates. After the bankruptcy case is filed, Client will not pay Law Firm any attorney's fees directly. Instead, Client will pay Law Firm indirectly using money that Client's Chapter 13 Plan requires Client to pay to the Chapter 13 Trustee. Client understands that the Chapter 13 Plan that Law Firm will propose to the Bankruptcy Court might not seek approval of the lowest payment that could possibly be approved. Instead, the amount that the Plan requires Client to pay to the trustee may be more than the minimum amount required by the bankruptcy laws. These additional funds will be available to pay attorney's fees to Law Firm. If some of these funds are not used to pay attorney's fees, they will likely be paid to your other creditors. Additionally, even after the plan has been approved, the payment that you make to the Chapter 13 Trustee may be increased if necessary to cover additional fees.

4.  **Client's Duty to Disclose.** Client understands that the bankruptcy filing is a joint effort between Client and Law Firm. Client is entitled to honesty and complete disclosure from Law Firm. Law Firm expects and requires honesty and complete disclosure from Client. Client understands that **making a deliberate misstatement** in connection with the bankruptcy case **could subject Client to severe criminal penalties as well as loss of a bankruptcy discharge**. Client understands that all disclosures regarding assets, liabilities, income, expenses and all other required information whether about past, present or future events, be complete and truthful. If before the bankruptcy case is filed Law

Firm determines that Client has failed to disclose any asset, liability, source of income or other material fact, *Law Firm may, in its sole discretion, determine that it must withdraw from the representation of the Client immediately.*

5. **Termination.**
   a. Client may terminate this agreement at any time. Until the bankruptcy case is filed, Law Firm may also terminate the agreement for any reason, including for Client's failure to pay on time or to cooperate. To cooperate, Client will promptly: provide all documentation and information requested by Law Firm, return phone calls, and reply to messages sent to Client.
   b. If the agreement is terminated, whether before or after a bankruptcy case is filed, then Law Firm will be entitled to paid for time spent even if that time is greater than the Pre-Filing Payment to Law Firm.
   c. If Law Firm wishes to terminate after the bankruptcy case is filed but before the bankruptcy case is closed or dismissed, then Law Firm must first get permission from the bankruptcy court.
   d. If the bankruptcy case is dismissed, Law Firm shall have the right to recover all funds in the possession of the Chapter 13 trustee that would otherwise be refunded to Client, up to the total fees and costs then due for the bankruptcy case. Client will then pay directly to Law Firm any remaining amounts still owing for attorney's fees.
   e. The agreement terminates automatically when the bankruptcy case closes or is dismissed and Law Firm will not provide any services in a reopened case without a new agreement.
   f. Six months after your file is closed, it may be destroyed without further notice to you, unless you make arrangements before that date to take your file.

6. **Change in Circumstances.** Client recognizes that Client's financial situation (such as income, expenses, or property ownership interests) may change after this agreement is signed and before the bankruptcy case is filed. Such a change may cause Law Firm to end this agreement. (See ¶ 3.)

7. **Married filers.** In cases involving a married couple, Client agrees that Law Firm may represent them jointly in the filing of the bankruptcy case. Client agrees that it is in their individual and mutual interest to have a single law firm represent them jointly. Each Client agrees to waive any conflict of interest arising out of Law Firm's representation of Client's spouse in the matter described in this document. It is further understood and agreed that Law Firm must freely convey necessary information provided to Law Firm by one client to the other and cannot withhold information from either party. Client agrees to notify Law Firm immediately of any separation or divorce or other dispute between spouses. If at any time, it becomes apparent there is a conflict, Law Firm may withdraw from representation and recommend that each Client obtain a new attorney.

8. **Client's Authorizations.** Client authorizes Law Firm to (a) disclose Client's Social Security Number to third parties for the purpose of obtaining investigative searches on Client, which searches may disclose information governed by the Gramm-Leach-Bliley Act, (b) reject settlement offers received from unsecured creditors without advising Client of the offer, (c) dispose of mail addressed to Client (e.g. catalogs, applications for new credit cards, etc.) without forwarding that mail to Client, and (d) communicate with Client by text message to Client's cell phone.

9. **Additional Expenses.** Client will have to pay about $40.00 to third parties for credit counseling and debtor education. Client must also pay to Law Firm any expenses incurred by Law Firm including, but not limited to: court filing fees, transcripts, depositions, postage, photocopies, and bank fees for either insufficient funds or for attempts to withdraw funds from accounts that are closed or invalid.

Case 5:25-bk-03020-MJC Doc 24 Filed 07/02/25 Entered 07/02/25 19:23:35 Desc Main
Case 5:25-bk-03020-MJC Doc Doc 24-1 Filed 07/02/25 Entered 07/02/25 19:23:35 Desc
Exhibit A - Disclosure of Compensation Page 49 of 52 Page 3 of 4

10. **Law Firm's Lien.** Law Firm shall have a lien for all accrued compensation and costs on any funds that Client has deposited with Law Firm or that are held by a third person, such as a bankruptcy trustee.

11. **Guarantors.** If Law Firm provides services to only one of the persons signing below, then Client authorizes Law Firm to communicate with both signers. Each signer agrees to be fully liable for all fees that come due under this Agreement (even if services are provided to only one person).

12. **Payment Schedule.** The Pre-Filing Payment to Law Firm is $3,020.00. Client agrees to the arrangement that is filled out below for payment of that fee plus the bankruptcy court's fee that is in effect when the case is filed (presently $313.00). As of the signing of this agreement, $3,333.00 has already been paid.

_____
Client 1

3